UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  Case No. 3:16-cr-285

        Plaintiff

    v.  MEMORANDUM OPINION

Arvel Ray Henderson, II,

        Defendant

This matter is before me on the government's motion to consolidate two cases for trial – *United States v. Wittenmyer*, case number 3:14-cr-89, and *United States v. Henderson*, case number 3:16-cr-285. (*Henderson*, Doc. No. 13).[1] The parties have fully briefed the issue. (*Henderson*, Doc. Nos. 13, 14, 20-22). For the reasons that follow, I find these cases unsuitable for consolidation.

## BACKGROUND

On February 18, 2014, the government filed a criminal complaint against Defendant Arvel Ray Henderson, II and co-defendant Mark Wittenmyer, alleging money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). (*Wittenmyer*, Doc. No. 1). Wittenmyer was indicted on March 11, 2014, on charges of conspiracy to commit wire fraud, wire fraud, and money laundering. (*Wittenmyer*, Doc. No. 13). Henderson was not indicted at that time. (*Id.*). The government filed a superseding indictment on May 14, 2014, charging four additional individuals and adding numerous charges. (*Wittenmyer*, Doc. No. 40). Again, Henderson was not named in the indictment. (*Id.*). On May 29,

---

[1] For clarity, *United States v. Wittenmyer*, 14-cr-89, will be referred to as "*Wittenmyer*." *United States v. Henderson*, 16-cr-285, will be referred to as "*Henderson*."

2015, the government moved to dismiss the complaint against Henderson. (*Wittenmyer*, Doc. No. 23). The motion was granted on June 1, 2015. (*Wittenmyer*, Doc. No. 24).

On June 3, 2015, the government filed a second superseding indictment as to all the defendants, this time charging Henderson with one count of conspiracy to commit money laundering and five counts of engaging in monetary transactions in property derived from specified unlawful activity. (*Wittenmyer*, Doc. No. 103). All defendants except Henderson have since pled guilty or been voluntarily dismissed by the government.

On September 6, 2016, the government indicted Henderson in a separate action, charging one count of theft of public money and two counts of bankruptcy fraud. (*Henderson*, Doc. No. 1). The government filed a superseding indictment on January 30, 2017, charging one count theft of public money, one count concealment of bankruptcy assets, and one count bankruptcy fraud. (*Henderson*, Doc. No. 18).

## STANDARD

Under Federal Rule of Criminal Procedure 13, I "may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Separate offenses may be charged in the same indictment if those offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Joinder under Rule 8(a) is permissive, and "[t]o the extent that it is consistent with providing the defendant with a fair trial, the Rule is to be construed liberally to promote the goals of trial convenience and judicial efficiency." *United States v. Wirsing*, 719 F.2d 859, 862-63 (6th Cir. 1983).

The propriety of joinder is "determined by the allegations on the face of the indictment." *United States v. Chavis*, 296 F.3d 450, 456-57 (6th Cir. 2002). If the counts to be joined are "logically

2

related, and there is a large area of overlapping proof, joinder is appropriate." *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) (citing *Wirsing*, 719 F.2d at 863) (internal quotation marks omitted).

## DISCUSSION

The government asks that I consolidate these two cases, claiming the charges are both "of the same or similar character" and "parts of a common scheme or plan." (*Henderson*, Doc. No. 20 at 1); *see* Fed. R. Crim. P. 8(a). The government also claims Henderson will suffer no prejudice should I consolidate these cases. (*Henderson*, Doc. No. 20 at 13).

Henderson argues the cases cannot be joined under Rule 8(a), because the individual charges allege unrelated transactions, and the government need not prove one charge in order to prove any other charge. (*Henderson*, Doc. No. 21 at 5-6). Henderson further argues he will face prejudice if the cases are consolidated. (*Id.* at 2).

I find impermissible the consolidation of these two cases. It is true, as the government contends, that Henderson's business account, PNC account 4617, "is the focal point of his [alleged] conduct" in *Wittenmyer*. (*Henderson*, Doc. No. 13 at 7). The government alleges Henderson used his account 4617 to receive separate wire transfers of $499,980 and $130,000 in fraud proceeds in furtherance of the money laundering conspiracy. (*Wittenmyer*, Doc. No. 103 at ¶¶ 96, 97a[2], & 98). The government then alleges Henderson withdrew or spent money from this account for his and Wittenmyer's use on six different occasions. (*Id.* at ¶¶ 99-101, 103-04, & 106). Finally, the government alleges Henderson transferred $23,000 from account 4617 into another of his accounts, PNC account 8488, and then transferred $50,000 from account 8488 into his SunTrust account 4724. (*Id.* at ¶ 106).

---

[2] The *Wittenmyer* indictment includes two paragraphs numbered 97. (*Wittenmyer*, Doc. No. 103). I will refer to the first paragraph as 97a and the second as 97b when citing to them in this opinion.

But the overlap between these charges and those brought in the *Henderson* indictment is small. Count one of the *Henderson* indictment, theft of public money, arises out of an alleged scheme to defraud the United States Department of Housing and Urban Development. (*Henderson*, Doc. No. 18 at ¶¶ 7-16). The government alleges no connection between this scheme and the money-laundering scheme in *Wittenmyer*. The only overlap occurs because proceeds from the alleged HUD scheme were deposited into account 4617. (*Id.* at ¶ 15).

The government alleges in count two, concealment of bankruptcy assets, that Henderson "knowingly and fraudulently concealed" ten items from the bankruptcy trustee, creditors, and the United States Trustee. (*Id.* at ¶ 39). One of these items is the transfer of $499,980 in fraud proceeds into account 4617. (*Id.* at ¶ 39(e)). This is one of the wire transfers at issue in *Wittenmyer*. (*See Wittenmyer*, Doc. No. 103 at ¶ 98). Two other items are bank accounts – Henderson's PNC account 8488 and his SunTrust account 4724. (*Id.* at ¶ 39(b) &(c)). It is, however, only the existence of these accounts that Henderson is alleged to have concealed. (*Id.*). The transactions between accounts 4617, 8488, and 4724 that are alleged in *Wittenmyer* are not at issue in *Henderson*.

Similarly, count three alleges bankruptcy fraud, specifically the filing of fraudulent debtor's schedules and a fraudulent debtor's statement of financial affairs. (*Henderson*, Doc. No. 18 at ¶ 41). The government alleges Henderson filed fraudulent debtor's schedules when he chose to omit from the forms ten assets or sources of income, these being the same ten items that form the basis for the charge of concealment of bankruptcy assets. (*Id.* at ¶ 41(a)). As explained above, only one item, the $499,980 wire transfer, bears any meaningful connection to the *Wittenmyer* indictment. (*See id.* at ¶ 41(a)(v)). And two items, accounts 8488 and 4724, are only marginally related. (*See id.* at ¶ 41(a)(ii) & (iii)).

The government alleges Henderson filed a fraudulent debtor's statement of financial affairs when he omitted from the form five sources of income. (*Id.* at ¶ 41(b)). Here, there is only one area

4

of overlap with the *Wittenmyer* indictment, and that is the $499,980 transfer into account 4617. (*See id.* at ¶ 41(b)(ii)).

So while Henderson's bank accounts, particularly account 4617, come into play in both indictments, the two indictments only significantly overlap for one of several transactions alleged. If this was the only transaction underlying the various charges, joinder would be appropriate. *See United States v. Bibby*, 752 F.2d 1116, 1121 (6th Cir. 1985) (finding joinder appropriate for a single tax evasion charge that arose directly out of the common fraud scheme, while finding joinder inappropriate for three unrelated tax charges). Here, however, the transaction common to both indictments does not stand as the single basis for any one charge. Therefore, I find these cases, as a whole, are not logically related and do not involve enough overlapping proof to warrant joinder. *See Wirsing*, 719 F.2d at 863.

Even if I found joinder to be permissible for these cases, I would still decline to consolidate the indictments for trial, due to the potential for prejudice. Joinder under Rule 8(a) is permissive, not mandatory. *Wirsing*, 719 F.2d at 862-63. In addition to the rule's explicit requirements, I must also weigh the interests of judicial economy against Henderson's right to a fair trial. *Id.* Here, as explained above, the one meaningful connection between these two indictments is the wire transfer of $499,980 into account 4617. So consolidation would not accomplish much by way of judicial economy, because in trying the *Henderson* case, the government will only have to present duplicate evidence relating to the existence of accounts 4617, 8488, and 4724 and to the wire transfer of $499,980. But prejudice is a significant concern, because the government has alleged numerous things outside of that transaction and the existence of these three accounts.

In *Wittenmyer*, when determining whether Henderson conspired to commit money laundering and whether he laundered money, the jury will have to consider nine additional transactions, most of them involving account 4617. (*See Wittenmyer*, Doc. No. 103 at ¶¶ 97-106). In *Henderson*, the jury

5

must determine whether Henderson engaged in an unrelated fraud scheme, the money from which is alleged to have gone into account 4617. (*See Henderson*, Doc. No. 18 at ¶¶ 7-16). Then the jury will determine whether Henderson concealed bankruptcy assets and committed bankruptcy fraud when he failed to report at least eight assets or sources of income entirely unrelated to the money laundering charges, some implicating account 4617 and some not. (*See id.* at ¶¶ 38-41). So most of the acts alleged in the *Henderson* indictment are unrelated to the money laundering charges, but a lot of the alleged fraud proceeds have been commingled in account 4617. This is a breeding ground for confusion and the drawing of inappropriate inferences. As such, these cases will not be consolidated for trial.

## CONCLUSION

Accordingly, I find consolidation is inappropriate for these cases.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge

6